Lydia Biggs et al. *v.* West Newton Borough, Appellant.

*Negligence—Boroughs—Streets—Contributory negligence—Evidence.*

In an action·against a borough to recover damages for personal injuries caused by falling into an excavation in a street, the case is for the jury where the evidence for the plaintiff tends to show that sometime prior to the accident the part of the street where plaintiff was injured had been thrown open to public travel by the borough, and that a deep ditch or excavation, dug across the entire width of the sidewalk by the borough's servants, was left open, without barriers, lights, danger signals or safeguards of any kind.

In such a case where it appears that plaintiff could have reached her destination by a narrow adjacent alley instead of the street, and the evidence as to whether plaintiff knew of the condition of the street is conflicting, the question of her contributory negligence is for the jury.

Argued Oct. 1, 1894.   Appeal, No. 11, Oct. T., 1894, by defendant, from judgment of C. P. Westmoreland County, Feb. T., 1893, No. 172, on verdict for plaintiff.   Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.   Affirmed.

♦

Trespass for personal injuries. Before DOTY, P. J.

At the trial it appeared that, on the night of Sept. 14, 1892, Lydia Biggs, plaintiff, who was a resident of West Newton, was injured by falling into an excavation in Vine street, in that borough. The evidence showed that, in August, 1892, the borough authorities opened to public travel the part of the street where the accident occurred. A deep ditch or excavation was left open without barriers, lights or signals. It appeared that plaintiff could have reached her destination by a narrow alley adjacent to Vine street. Plaintiff testified that she knew nothing of the condition of Vine street where she fell. Evidence on behalf of defendant tended to contradict her testimony. The court refused binding instructions for defendant and submitted both the question of defendant's negligence and plaintiff's contributory negligence to the jury.

Verdict and judgment for plaintiff for $900.

*Errors assigned* were instructions, quoting them.

*Edward E. Robbins, John E. Kunkle* with him, for appellant.

*Frank H. Guffey* and *Albert H. Bell*, not heard, for appellee.

PER CURIAM, Oct. 15, 1894:

The testimony on behalf of the plaintiffs presents a case of gross negligence on the part of the defendant borough. The uncontradicted evidence is that, prior to the accident, the part of Vine street where the beneficial plaintiff was injured, had been thrown open for public travel by the borough authorities, and all persons who had occasion to do so were thus invited to use the street; that a deep ditch or excavation, dug across the entire width of the sidewalk by defendant's servants, was left open, without barriers, lights, danger signals, or safeguards of any kind. The only possible avenue of escape, from the consequence of this gross negligence, that appeared to be open to defendant, was an attempt to show that Mrs. Biggs, the beneficial plaintiff, was guilty of contributory negligence in that she did not wend her way to her sister's through a narrow adjacent alley instead of using the street that had been thrown open to public travel. These questions of negligence and contributory

negligence, in connection with the question of plaintiff's damages, were all fairly submitted to the jury with instructions which were quite as favorable to the defendant as it could reasonably ask. The charge of the learned trial judge is clear, concise and free from any substantial error. It is unnecessary to consider the specifications of error in detail. There is no merit in either of them. The verdict was clearly warranted by the testimony, and there is nothing in the record that would justify us in disturbing the judgment entered thereon.

Judgment affirmed.